UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTHRIDGE OWNER, L.P., et al., <br><br> Defendants. | Case No. 16-cv-01494-BLF <br><br> **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; TERMINATING MOTION TO DISMISS AS MOOT** <br><br> [Re: ECF 18] |

Seeking protection under the California Constitution and California Unfair Competition Law ("UCL"), Plaintiff Animal Protection and Rescue League, Inc. ("APRL") has filed this federal court action challenging Defendants' time, place, and manner restrictions on expressive activities at their shopping mall. Compl., ECF 1. Federal jurisdiction is purportedly based on diversity. *Id.* ¶ 9. There is no question that the parties are diverse and that this suit raises important issues, but it appears that Plaintiff has failed to allege an adequate amount in controversy to support federal jurisdiction.

I.  **BACKGROUND**

Earlier this year, APRL sought to "engage in expressive activities" at the Northridge Mall ("Mall"), which is owned by Defendants. Compl. ¶ 13, ECF 1. At APRL's request, the Mall emailed APRL a copy of the rules and application the Mall had adopted for such activities. *Id.* ¶¶ 13–15. Upon receipt, APRL expressed concerns about the rules and regulations to the Mall's management. *Id.* ¶¶ 18–22. Specifically, APRL expressed its belief that the "Expressive Activity Regulations contain numerous unconstitutional provisions" and "may be enforced in unconstitutional ways." *Id.* ¶¶ 23–24. After weeks of negotiations, APRL decided "not to proceed with its activity because of unlawful provisions in the Mall's rules," and instead brought this

1 lawsuit seeking declaratory and injunctive relief.[1]  Compl., ECF 1; Opp. 12, ECF 21.  Defendants moved to dismiss the complaint under Rules 12(b)(1) for lack of ripeness and 12(b)(6) for failure to state a claim under California's UCL.  Mot., ECF 18.

Because it was not apparent on the face of the complaint that APRL could satisfy the amount in controversy requirement, the Court sought supplemental briefing.  ECF 30.  After careful consideration of the parties' respective written submissions, for the reasons stated below, the Court finds that the action must be dismissed for lack of subject matter jurisdiction.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). This Court has an independent obligation to ensure that it has subject matter jurisdiction over a matter and may raise the question, *sua sponte*, at any time during the pendency of the action.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  Because the jurisdictional problem appears on the face of the Complaint in this case, the Court assumes that Plaintiff's allegations are true.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### A.   Diversity Jurisdiction

To invoke diversity jurisdiction in an action involving U.S. citizens, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. §1332(a)(1).

When a plaintiff files a lawsuit in federal court, the "legal certainty" test is used to

---

[1] The Court notes that APRL improperly seeks damages on its UCL claim.  Compl. ¶ 62, ECF 1; *see Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010) ("Not recoverable [under California unfair competition law] are damages . . . .").

determine whether the complaint meets the amount in controversy requirement. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). "Under this test, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 1040 (citation and internal quotation marks omitted). Thus, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

### B. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because the "purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003).

## III. DISCUSSION

Because APRL seeks both injunctive relief and attorney's fees, the Court considers whether either or both satisfies the amount in controversy requirement.

### A. Value of Injunctive Relief

The Ninth Circuit has adopted the "either viewpoint" rule for determining whether the request for injunctive relief carries the case over the jurisdictional amount threshold. *In re Ford Motor Co./Citybank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)). "In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for

3

jurisdictional purposes." *Id.*

Defendants contend that "[t]he cost to Northridge Mall of complying with the requested injunctive relief is likely zero." Def.'s Suppl. Br. 2, ECF 33. In its supplemental briefing, APRL failed to address this issue. *See* Pl.'s Suppl. Br., ECF 34. Accordingly, the Court concludes that the cost of an injunction to either party would not exceed $75,000. And in fact may be $0.

**B.   Consideration of Attorney's Fees**

APRL seeks to recover its fees under California's private attorney general statute, Cal. Civ. Proc. Code § 1021.5, which gives courts discretion to award fees to certain successful plaintiffs whose litigation advances the public interest. APRL estimates that its fees are reasonably expected to exceed $75,000 based on fee awards it has received in similar cases. Pl.'s Supp. Br. 3, ECF 34.

Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes, but "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). It is unclear from the case law, however, what amount of attorney's fees are properly included within the amount in controversy. There are two main lines of cases on this point, each of which has been adopted by at least one court in this district. The Ninth Circuit has not yet decided the issue.

Some courts, including the Tenth Circuit, have held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See, e.g.*, *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Other courts, including the Seventh Circuit, have held it proper to include only those fees incurred as of the date the complaint is filed. *See, e.g.*, *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (reasoning that an estimate of future fees beyond those incurred in initiating the suit "includes the value of legal services that have not been and may never be incurred, and are therefore not 'in controversy' between the parties"); *Fid. & Guar. Ins. Co. v. KB Homes South Bay, Inc.*, No. 15-cv-00062-EDJ, 2015 WL 5569110 (N.D. Cal. Sept. 21, 2015).

1   APRL asks the Court to adopt the former and find that "[w]here the law entitles the
2   prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be
3   incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes
4   to the amount in controversy." Pl.'s Suppl. Br. 2, ECF 34 (citing and quoting *Brady*, 243 F. Supp.
5   2d at 1011). The Court declines to do so, and instead holds that it is proper to consider only those
6   fees incurred as of the date the complaint is filed.

7   The cases holding that the court should consider a reasonable estimate of fees likely to be
8   incurred to resolution are distinguishable because the attorney's fees at issue there were
9   mandatory, unlike the fees at issue here. In *Miera*, the Tenth Circuit was considering New
10  Mexico's Unfair Trade Practice Act, which states that "[t]he court *shall* award attorney fees" to a
11  prevailing plaintiff. N.M. Stat. Ann. § 57-12-10, subd. C (emphasis added). Similarly, under
12  California's Song-Beverly Consumer Warranty Act, which was at issue in *Brady*, "[i]f the buyer
13  prevails in an action under this section, the buyer *shall* be allowed by the court to recover as part
14  of the judgment . . . attorney's fees[.]" Cal. Civ. Proc. Code §1794 (emphasis added). Under
15  California Civil Procedure Code §1021.5, which is at issue here, the award of attorney's fees is
16  discretionary. Cal. Civ. Proc. Code § 1021.5 ("Upon motion, a court may award attorneys' fees to
17  a successful party[.]").

18  That attorney's fees are not mandatory here would not be dispositive standing alone
19  because it is reasonable to conclude, based on the nature of this suit, that the Court would award
20  attorney's fees if APRL were successful. However, it is well established that jurisdiction
21  "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas
22  Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (internal citation and quotation marks omitted). "This
23  time-of-filing rule is hornbook law . . . taught to first-year law students in any basic course on civil
24  procedure." *Id.* at 570–71 (internal citations omitted). Moreover, "[s]ubsequent events do not
25  confer jurisdiction." *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 296 (9th Cir.
26  1989). Accordingly, the Court holds that a plaintiff must meet the amount in controversy
27  requirement at the time the action is filed.

28  To demonstrate that, if successful, APRL's fees would satisfy the amount in controversy

requirement, APRL alleges that it has "incurred more than $60,000 in attorney's fees . . . researching, drafting and serving the complaint, having multiple conference calls with opposing counsel . . ., providing and receiving Rule 26 disclosures, researching and drafting a response to a complicated motion [to dismiss], and preparing for oral argument." Pl.'s Suppl. Br. 3, ECF 34. Given the amount of post-filing work listed in APRL's fee estimate, APRL's attorney's fees incurred as of the time the complaint was filed plainly cannot satisfy the amount in controversy requirement.

Thus, as of the time the complaint was filed, it appears to a legal certainty that Plaintiff's claims for declaratory and injunctive relief are for less than $75,000. Accordingly, because this Court lacks subject matter jurisdiction Plaintiff's claims must be dismissed. Because it is not clear that amendment would be futile, the Court grants leave to amend to allege a proper basis for federal jurisdiction.

## IV.  ORDER

For the foregoing reasons, Plaintiff's claims are DISMISSED WITH LEAVE TO AMEND. Plaintiff must file an amended complaint on or before September 23, 2016. The Court TERMINATES Defendants' pending motion to dismiss as moot.

**IT IS SO ORDERED.**

Dated: August 24, 2016

_____
BETH LABSON FREEMAN
United States District Judge